# HEITMULLER *v.* STOKES.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 279. Argued April 21, 22, 1921.—Decided May 16, 1921.

The defendant in error, having secured judgment for the possession of his real estate, sold the premises to a stranger, after the case had been removed to this court by writ of error, leaving the defendant in possession. *Held* that, as no controversy remained between the parties, except as to costs, this court would not decide the merits,

but would lay the costs of this writ of error upon the defendant in error and reverse the judgment with instructions to dismiss the complaint. P. 361.

49 App. D. C. 391; 266 Fed. Rep. 1011, reversed.

THE case is stated in the opinion.

*Mr. Chapin Brown,* with whom *Mr. C. B. Bauman* was on the brief, for plaintiff in error.

*Mr. Wharton E. Lester* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

Sylvanus Stokes brought suit in the Municipal Court of the District of Columbia to recover from Anna Heitmuller possession of premises number 1505, 22nd Street, Northwest, in the City of Washington, D. C. Stokes claimed to be the purchaser of the premises, and the action was brought against Anna Heitmuller as tenant thereof. Trial was had in the Municipal Court, and judgment rendered in favor of the defendant. Stokes appealed to the Supreme Court of the District of Columbia, and filed an affidavit after the docketing of the appeal as required by Rule 19 of that court. Defendant filed an affidavit setting forth grounds of defense. The Supreme Court entered judgment for the plaintiff, Stokes, upon the ground that the defense as set forth by the defendant was insufficient to defeat the plaintiff's recovery. The case was taken to the Court of Appeals of the District of Columbia, where the judgment of the Supreme Court was affirmed. 49 App. D. C. 391. A writ of error brings the case to this court.

The errors assigned raise constitutional questions as to the validity of the so-called Saulsbury Resolution (40 Stat. 593), and of Rule 19 of the Supreme Court of the District of Columbia. Other errors, not necessary to notice, are also assigned.

The judgment of the Court of Appeals of the District, affirming that of the Supreme Court, was rendered on January 5, 1920, and on January 15, 1920, a writ of error was allowed bringing the case to this court. On February 9, 1920, Stokes, appellee in the Court of Appeals, and defendant in error here, filed a motion to dismiss the writ of error upon the ground that he had sold and conveyed the real estate, the possession of which was the subject-matter in dispute, and had no further interest in the cause except to recover costs and rental due because of the wrongful detention of the property, and upon the further ground that no appeal bond had been filed by the appellant. The Court of Appeals denied the motion. After the allowance of the writ of error, the cause had passed beyond the jurisdiction of that court.

In this court the defendant in error, Stokes, moves to dismiss the writ of error, setting forth as grounds for the motion:

1. The cause of action between the parties hereto has ceased to exist, for that after the judgment of the Court of Appeals of the District of Columbia, appellee sold and conveyed the real estate, the subject-matter of this suit, and therefore is not now entitled to the relief herein sought, namely, the possession of said premises.

2. There is now no actual controversy involving real and substantial rights between the parties to the record, and no subject-matter upon which the judgment of this court can operate.

3. The only question now involved in this appeal is that of costs.

As the action was brought to recover the possession of real estate, and as the defendant in error has, pending review in this court, sold it, we agree with the contention that the case has become moot. The plaintiff in error, so far as the record discloses, is in possession, and the de-

fendant in error, having sold and conveyed the property, a judgment if in his favor will not give him possession of the premises. It has been often held that this court will not decide moot cases. The rule was stated in *Mills* v. *Green*, 159 U. S. 651, 653:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence. *Lord* v. *Veazie*, 8 How. 251; *California* v. *San Pablo & Tulare Railroad*, 149 U. S. 308." See also *United States* v. *Hamburg-American Co.*, 239 U. S. 466, 476, and cases cited.

Where no controversy remains except as to costs, this court will not pass upon the merits. *Paper-Bag Cases*, 105 U. S. 766, 772.

It remains to be considered what order should be made. Although, owing to the moot character of the issue involved, we may not consider the merits, we are at liberty to make such order as is "most consonant to justice in view of the conditions and circumstances of the particular case." *United States* v. *Hamburg-American Co.*, *supra*, pp. 477, 478.

In the case now before us, without fault of the plaintiff in error, the defendant in error, after the proceedings below, practically ended the controversy by parting with title to the premises, thus causing the case to become moot.

In such case the costs incurred upon the writ of error·
should be paid by the defendant in error.

> *Reversed, and remanded to the Court of Appeals of the
> District of Columbia with direction to remand to the
> Supreme Court of the District of Columbia with in-
> structions to dismiss the complaint.*