UNITED STATES ex rel. NORWEGIAN NITROGEN PRODUCTS COMPANY, INC. *v.* UNITED STATES TARIFF COMMISSION.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 91. Argued March 3, 4, 1927.—Decided April 11, 1927.

1. Under Jud. Code § 250, before the Act of February 13, 1925, a judgment of the Court of Appeals of the District of Columbia, affirming dismissal of a petition for mandamus in which the construction of a federal law was drawn in question, was reviewable here by writ of error. P. 110.

2. No duty of the Tariff Commission to make an investigation of comparative costs of production here and abroad arises under the Revenue Act of September 8, 1916, or the Tariff Act of 1922, except when required by the President under § 315 of the latter. P. 110.

3. An action in mandamus to compel the Commission to reopen an investigation of differences in cost of production, which it conducted under an Executive Order as an aid to the President in adjusting tariff duties under § 315 of the Tariff Act of 1922, and to disclose to the petitioner information obtained at a prior hearing and allow him to cross-examine witnesses and introduce evidence, became moot when the President fixed the duties, on the Commission's report. P. 110.

4. In the absence of an injunction or restraining order, an administrative body, after judgment in its favor in an action to control its conduct by mandamus, may proceed to dispose of the matter before it notwithstanding the pendency of a writ of error to the judgment. P. 111.

5. A case becoming moot pending review should be remanded with directions to dismiss. P. 112.

6 F. (2d) 491, reversed.

ERROR to a judgment of the Court of Appeals of the District of Columbia which affirmed a judgment of the Supreme Court of the District dismissing on demurrer a petition for a mandamus to require the Tariff Commission to disclose information obtained by it in an investigation

of costs of production of sodium nitrite and to hold a public hearing, with leave to the plaintiff to cross-examine investigators and witnesses and offer opposing evidence.

*Messrs. George R. Davis* and *Marion DeVries* for plaintiff in error.

*Solicitor General Mitchell,* with whom *Mr. Robert P. Reeder,* Special Assistant to the Attorney General, was on the brief, for defendant in error.

MR. JUSTICE STONE delivered the opinion of the Court.

The Tariff Act of September 21, 1922, c. 356, § 315, 42 Stat. 858, 941, vested in the President the power to adjust tariff duties so as to equalize differences in costs of production here and abroad of articles wholly or in part the growth or product of this country, whenever an investigation by the Tariff Commission should reveal disparate costs. Such investigation is made a prerequisite to action by the President in proclaiming changes of rates. By Executive Order of October 7, 1922, it was provided that all petitions or applications for action or relief under the so-called flexible sections of the Tariff Act of 1922 should be filed with the Tariff Commission.

In October, 1922, the American Nitrogen Products Company, a corporation of the State of Washington, filed with the United States Tariff Commission a petition praying for a fifty per cent. increase in the duty imposed by the Tariff Act of 1922 upon imported sodium nitrite. The following March, the Tariff Commission, for the purpose of assisting the President in the exercise of the powers delegated to him by the Act of 1922, ordered an investigation of the differences in cost of production of sodium nitrite at home and abroad, and of other pertinent facts and conditions. It was further ordered that all parties interested should be given an opportunity to be

present and produce evidence at a public hearing to be held at a date to be fixed later.

Plaintiff in error is engaged in the importation of nitrogen products into the United States which it sells on commission. It represents in the United States, as exclusive agent, the Norwegian Hydro-Electric Nitrogen Corporation, the only manufacturer of sodium nitrite in Norway. Representatives of the Commission, in the course of its investigation, proceeded to Norway and Germany and sought from the Norwegian company and from German manufacturers data showing the cost of production of sodium nitrite in those countries. This was refused. The Commission's experts were permitted to examine the books and records of American manufacturers, obtaining information of the domestic cost of production and other relevant data. This information was given under promise that it would be treated as confidential and upon the assurance that the rules of the Commission and § 708 of the Revenue Act of September 8, 1916, c. 463, 39 Stat. 756, 798, so required. Section 708 prohibits the Commission from revealing "the trade secrets or processes" of which it might learn in the course of its investigations.

After making its investigation, the Commission ordered a public hearing to be held on September 10, 1926. Its rules provided that: "Parties who have entered appearances shall prior to the filing of briefs, have opportunity to examine the report of the commissioner or investigator in charge of the investigation and also the record except such portions as relate to trade secrets and processes."

At the hearing, plaintiff appeared by counsel and demanded a complete copy of the application of the American Nitrogen Products Company, and attempted to cross examine its president as to its cost of production. In making these and other similar demands in the course of the hearings, plaintiff relied on the provisions of § 315(c) of the Act of 1922, reading in part: "The commission

shall give reasonable public notice of its hearings and shall give reasonable opportunity to parties interested to be present, to produce evidence, and to be heard. The commission is authorized to adopt such reasonable procedure, rules, and regulations as it may deem necessary." The Commission, holding that its action was controlled by § 708 of the Revenue Act of 1916, prohibiting it from divulging trade secrets or processes of which it acquired information in the course of investigation, excluded the questions asked and disclosed only a copy of the application of the American company, from which a statement of its costs of production had been deleted. On September 15, 1923, the Commission made a preliminary report stating the results of its inquiry. The report contained a review of the data in the possession of the Commission, including an estimate of the cost of production in Norway, based upon such public sources in Norway as were available to it, both the Norwegian company and the plaintiff having refused to give any information on the subject. But, following its settled policy, it withheld all material which would reveal the individual production costs of American manufacturers. Its practice is to publish the average domestic cost, but this was withheld here because the average cost was deemed informative of individual costs in view of the small number of American manufacturers. Hearings were resumed on September 26, at which plaintiff was given an opportunity to offer evidence, to make oral argument and to file briefs. Requests by plaintiff to cross examine the Commission's field examiners and experts and to inspect data gathered by them were refused.

Plaintiff then filed with the Supreme Court of the District of Columbia a petition for mandamus, directing the Tariff Commission to disclose the information which it had obtained concerning the cost of production of sodium nitrite by American and foreign manufacturers, and

directing the commissioners to hold a public hearing at which plaintiff should be given an opportunity to cross examine the investigators and experts of the Commission, and witnesses with respect to such data, to offer evidence in opposition, and to present arguments against the American company's petition. The Commission interposed an answer setting up that § 708 of the Revenue Act forbade the Tariff Commission from disclosing the information sought. To this answer the plaintiff demurred. The demurrer was overruled and final judgment was entered dismissing the petition.

Pending review by the Court of Appeals of the District of Columbia, the Commission completed and submitted its report to the President. On May 6, 1924, the President made proclamation reciting the investigation of the Commission and fixing the duty at a rate found necessary to equalize the cost of production of sodium nitrite at home and abroad. The Court of Appeals affirmed the judgment, holding that the case had become moot by the action of the President in fixing the new rate of duty. Notwithsanding this determination, it reviewed the case at length and announced its conclusion on the merits. 6 Fed. (2d) 491.

The case is properly here on writ of error under § 250 of the Judicial Code before the amendment of February 13, 1925, defendant in error having by its answer drawn in question the construction of § 708 of the Revenue Act. *Santa Fe Pac. R. R.* v. *Work,* 267 U. S. 511; *Brady* v. *Work,* 263 U. S. 435; *Goldsmith* v. *Board of Tax Appeals,* 270 U. S. 117.

We conclude that the case had become moot before the review below and that it is unnecessary for us to indulge in a discussion of the merits. Under § 315 (c) and (e) of the Tariff Act of 1922, the President is given authority to require an investigation by the Commission and it is its duty to make one when so required.

There is no other provision of the Act placing any duty on the Commission to make such an investigation. When not so requested by the President, action by the Commission is discretionary. Under its rules, it is optional with it whether it will employ its resources for investigations sought by an interested party. Section 703 of the Revenue Act of September 8, 1916, under which the Commission was created, requires it to make certain specified studies of the administration and operation of the tariff laws of the United States and tariff relations of the United States with foreign countries, on request of the President and certain Committees of the two houses of Congress. That Act has no relevancy here since, unlike the Act of 1922, it contains no provisions for hearings in conjunction with the investigations there authorized.

All relief sought here is incidental to the hearing before the Commission on the cost of production of sodium nitrite. The Commission conducted its inquiry and held these hearings to aid the President in determining whether the difference in cost of that product in this and in foreign countries should be equalized by revising the tariff under § 315(a) of the Act of 1922. The hearing pending when the plaintiff's petition was filed has been concluded, as it lawfully might, since there was no injunction or restraining order and the Commission's action was taken after the determination of the Supreme Court of the District in its favor. We need not consider here the effect upon judicial review of an attempt to evade or forestall a decision adverse to the Commission. The Commission has filed its report with the President and the President has made his decision and proclamation fixing the revised tariff. Either may revive the investigation but neither is under a duty to do so. Assuming that the plaintiff is entitled to a hearing of the character demanded whenever an investiga-

tion is had, which we do not decide, it would be an idle ceremony to require such a hearing upon an investigation which we may not command and which may never be made. In such circumstances there can be no effectual relief by mandamus and the Court of Appeals should have remanded the cause with directions to dismiss the petition as moot. *Brownlow* v. *Schwartz,* 261 U. S. 216; *Mills* v. *Green,* 159 U. S. 651, 653.

The argument is made that the President was without jurisdiction to proclaim the new tariff rate because of alleged irregularities in the conduct of the hearing before the Commission which was a prerequisite to such action by the President. But petitioner does not attack the validity of the tariff proclaimed by the President; nor is this an appropriate proceeding in which to do so. Even if the change in tariff rates were deemed to be ineffectual, it would not follow that it is mandatory upon the President or the Commission to institute a new hearing.

The judgments of the Court of Appeals and the Supreme Court of the District of Columbia are vacated and the cause remanded with directions to dismiss the petition as moot.

*So ordered.*