C. J. TOWER & SONS ET AL. *v*. UNITED STATES (No. 3548)[1]

[1] T. D. 46131.

United States Court of Customs and Patent Appeals, December 27, 1932

*Charles D. Lawrence*, Assistant Attorney General, for the United States.
*Barnes, Richardson & Halstead* (*Samuel M. Richardson* of counsel) for importer.

[Oral argument December 6, 1932, by Mr. Lawrence and Mr. Richardson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

In this appeal the United States seasonably moved to dismiss the appeal on the ground that the questions presented were moot.

Briefly, the facts which the consideration of the motion involves are as follows: The merchandise involved in the importation consists of wheat flour shipped from Canada. Prior to the shipment thereof an antidumping order was issued from the Treasury Department signed by Elmer Dover, Assistant Secretary, which resulted in the appraiser appraising the merchandise and adding antidumping duties. Appellant appealed for reappraisement. The single justice who reappraised the same found the proper dutiable value to be—

the value found by the appraiser less any amount added by the appraiser by reason of the purported dumping order.

The Government appealed to the United States Customs Court, sitting in reappraisement, which held that the dumping order issued by the Treasury Department was legal, but that the entered value of the merchandise was the foreign-market value on the date of the shipment; that the foreign value of the merchandise was not higher than the exporter's sales price; that the exporter's sales price was not lower than the foreign-market value on the date of shipment; that the entered value was sustained; and that there was no basis for levying the special dumping duty.

From this judgment of the United States Customs Court the appellant appeals here and seeks to raise questions involving certain holdings and failure to make certain holdings by the court below with reference to the validity of the antidumping order.

A portion of the merchandise involved in this appeal was imported under the Tariff Act of 1913 and a portion of it under the Tariff Act of 1922. The right of appeal to this court as to that portion of the merchandise imported under the act of 1913 has not been discussed in this court, and we will not give this question any consideration.

In support of the motion by the United States, the Assistant Attorney General argues here that the decision of the United States

Customs Court was in favor of appellant's contention that its entered value was correct, and that such questions as appellant now seeks to have this court consider are not actual but moot, and that this court is not required to assume jurisdiction and is powerless to do so.

The importer, appellant, seeks to have this court pass upon the alleged moot questions, not for any relief it may bring importer in this case, but for the beneficial effects such consideration might have on pending and future reappraisement cases. Appellant in its memorandum in opposition to the motion to dismiss states:

It is true that the importer in this case has received a favorable judgment, but it is believed that this court should take jurisdicton of the appeal for the purpose, if possible, of quieting a litigation which has now been pending in the Customs Court since 1922.

We agree with the position taken by the Government that the questions involved in the assignments of error before us are moot and that the appeal should be dismissed for that reason, if for no other.

In *Mills* v. *Green*, 159 U. S. 651, 653, involving the same principle as is herein involved, the Supreme Court of the United States said:

The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which can not affect the matter in issue in the case before it. It necessarily follows that when pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.

In quite similar language and to the same effect is the case of *California* v. *San Pablo & Tulare Railroad Co.*, 149 U. S. 308, 314, where the following is found:

The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard.

See also *Singer Mfg. Co.* v. *Wright*, 141 U. S. 696; *Codlin* v. *Kohlhausen*, 181 U. S. 151; *Heitmuller* v. *Stokes*, 256 U. S. 359; *Brownlow* v. *Schwartz*, 261 U. S. 216; and *Norwegian Co.* v. *Tariff Commission*, 274 U. S. 106.

The motion to dismiss is *granted*, and the appeal is *dismissed*.