## BENDER v. DONOGHUE et al.
### No. 7318.

Circuit Court of Appeals, Fifth Circuit.

May 7, 1934.

U. M. Simon and H. J. Zimmerman, both of Fort Worth, Tex., for appellant.

Norman A. Dodge, of Fort Worth, Tex., Paul Carrington and I. M. Williams, both of Dallas, Tex., and E. A. Camp, of Rockdale, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

On December 21, 1933, appellee contracted with appellant to sell him in bulk, subject to the approval of the court, real and personal property of the receivership. The price was $85,000 payable upon approval of titles and delivery of appropriate conveyances. Twenty days was allowed for examination and approval of titles. Upon approval of contract by the court, $10,000 was to be escrowed. The contract provided, if titles accepted and valid conveyances delivered within the twenty days, this sum to be paid seller, if not, to be returned to buyer, "in which event this contract shall be and become null and void."

On December 23d an order was entered approving the contract, and authorizing the receiver to make sale under its terms, and the $10,000 was escrowed. On December 30th Feltex Oil Corporation intervened, praying

that the December 23d order be set aside and the contract annulled on the ground that the appellant had acted in fraud of it in taking the contract. On January 9th it appeared to withdraw its motion. On that same day others intervened, some prospective buyers, others creditors, asking that the order be set aside because a better price could be obtained, and particularly urging the invalidity of the proposed sale as made without the public advertisement required by sections 847, 848, and 849, title 28 USCA, for sales of property under order or decree. On January 9th, upon full hearing, the court entered its order setting aside the approval order of December 23d and directing public sale with notice under the statutes. This appeal is from that order.

The receiver calls to our attention by brief and affidavit that whether the order complained of was rightly entered or not is now moot. He shows that appellant has not only not accepted the title and paid over the purchase money within the twenty days called for by the contract, but has taken down the $10,000 escrow, whereupon, by its terms, "the contract became null and void."

 Appellant by affidavit filed in controversion admits these facts, but claims he had no other course in view of the court's action in withdrawing its approval of the contract. He also informs us that the property has now been sold to another under the last order of sale, and insists that whether or not the approval order was properly vacated is not moot, but should be determined "as a basis for a possible suit for damages which may exist in favor of appellant," and, further, that it should be determined to fix the costs of the appeal.

Appellant cannot maintain either of these positions. As to the possible suit for damages, it must be determined on its own merits if and when brought. Dakota Coal Co. v. Fraser (C. C. A.) 267 F. 130. As to the costs, ordinarily, when a case is reversed because moot, it is without costs to either party. Dakota Coal Co. v. Fraser (C. C. A.) 267 F. 130; Alejandrino v. Quezon, 271 U. S. 536, 46 S. Ct. 600, 70 L. Ed. 1071; Kunze v. Auditorium Co. (C. C. A.) 52 F.(2d) 444. Brownlow v. Schwartz, 261 U. S. 216, 43 S. Ct. 263, 67 L. Ed. 620. In this case, since the question has been made moot by the voluntary action of the appellant in bringing the contract to an end, it is right that he should pay the costs.

The order appealed from is reversed because moot, with directions to vacate it and to dismiss appellant's intervention. C. M. Patten & Co. v. U. S., 289 U. S. 705, 53 S. Ct. 687, 77 L. Ed. 1462; Danciger Oil & Ref. Co. v. Smith, 290 U. S. 599, 54 S. Ct. 209, 78 L. Ed. ——; Railroad Comm. v. MacMillan, 287 U. S. 576, 53 S. Ct. 223, 77 L. Ed. 505; Norwegian, etc., Co. v. U. S. Tariff Comm., 274 U. S. 112, 47 S. Ct. 499, 71 L. Ed. 949; First Union Trust & Sav. Bank v. Consumers Co., 290 U. S. 585, 54 S. Ct. 61, 78 L. Ed. ——; Santa Anna Gas Co. v. Coleman Gas & Oil Co. (C. C. A.) 61 F.(2d) 975.

Reversed, with directions to dismiss.