**BOWLES, Price Administrator, O. P. A., v. BAYVIEW MANOR HOMES, Inc., NORFOLK, VA.**

No. 5259.

Circuit Court of Appeals, Fourth Circuit.

Nov. 11, 1944.

Brainerd Currie, Director, Rent and Service Enforcement Division, O. P. A., of Washington, D. C. (Thomas I. Emerson, Deputy Administrator for Enforcement, Fleming James, Jr., Director, Litigation Division, David London, Chief, Appellate Branch, George Austin, Head, Trial Litigation Branch, A. M. Dreyer, and Ray Patton Smith, Attorneys, O. P. A., all of Washington, D. C., on the brief), for appellant.

William G. Maupin and Charles L. Kaufman, both of Norfolk, Va., for appellee.

Before PARKER, DOBIE and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order denying an injunction. Plaintiff is the Administrator of the Office of Price Administration of the United States. The defendant is the proprietor of certain houses constructed under priority ratings. Defendant at the time of the institution of the suit was

requiring its tenants to make a security deposit equivalent to one month's rent in addition to paying the rent charged for such houses. Plaintiff contended that this requirement was violative of section 2(a) of the rent regulations promulgated to become effective June 1, 1942, which forbade the demanding or receiving of any rent higher than the maximum rents provided by the regulation. This contention was made in the light of section 13(6) of the regulations which defined rent as "the consideration, including any bonus, benefit or gratuity, demanded or received for the use or occupancy of housing accommodations". Plaintiff relied also upon an interpretation which he had issued in September, 1942, construing the regulations to forbid security deposits in cases of this character. The District Court, on February 17, 1944, construed the regulation relied on as not forbidding the requirement of security deposits; and the Administrator on May 9th following gave notice of appeal to this court and duly perfected his appeal.

On August 29, 1944, while the appeal was pending here, the Administrator amended the regulation on which he was relying in the suit, changing to some extent the language of section 2(a) and adding thereto section d(4), which unquestionably forbids the requiring of security deposits in the case of houses constructed under priority ratings. Section d(4) is as follows: "Maximum rent established under section 4(e), (f) or (j). Where the maximum rent of the housing accommodations is established under section 4(e), (f) or (j), no security deposit shall be demanded, received, or retained."

■■■ As houses constructed under priority ratings are covered by (f) referred to in this section, there can be no question as to the amended regulation's forbidding that security deposits be "demanded, received or retained" on defendant's houses. The validity of this regulation cannot be questioned here (Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660); and since the retention of security deposits, as well as their receipt, is forbidden, it necessarily follows that the case presented by the appeal from the denial of the injunction to enforce the original regulation has become moot. It should be remembered, in this connection that, as no relief was granted pending appeal, no relief can be afforded in this suit with respect to the past, and that, as to the future, any relief must be

afforded under the amended regulation. The suggestion that this regulation would apply only to tenancies having their commencement in the future, and that injunction against retention of deposits in the case of existing tenancies could be had only under the original regulation, is so lacking in merit as not to deserve serious consideration.

■■■ In his original brief, plaintiff asked that the decision below be reversed, not only on the ground that under a proper interpretation of the original regulation it was erroneous when rendered, but also to give effect to the amended regulation. On oral argument he abandoned this last contention, as was proper since it does not appear from the record that defendant is now violating, or intends in the future to violate, the regulation as amended. This, however, leaves nothing in the case but the interpretation of the original regulation, and the case has, as we have seen, been rendered moot by the amendment. In such situation the proper course is to reverse the judgment below and remand the case with direction that the bill be dismissed without prejudice. Anchor Coal Co. v. United States, 279 U.S. 812, 49 S. Ct. 262, 73 L.Ed. 971; U. S. ex rel. Norwegian Nitrogen Products Co. v. U. S. Tariff Commission, 274 U.S. 106, 112, 47 S.Ct. 499, 71 L.Ed. 949; Alejandrino v. Quezon, 271 U.S. 528, 535, 46 S.Ct. 600, 70 L.Ed. 1071; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620; Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990; Commercial Cable Co. v. Burleson, 250 U.S. 360, 39 S.Ct. 512, 63 L. Ed. 1030; Board of Public Utility Com'rs v. Compania General de Tabacos de Filipinas, 249 U.S. 425, 39 S.Ct. 332, 63 L.Ed. 687.

The case last cited is very much in point. In that case a lower court had annulled an order of a utility commission on the ground that a statute improperly delegated to the commission the powers which it exercised in the order. Pending appeal to the Supreme Court, the statute was amended so as to require by statute what was required by the order of the commission. The Supreme Court held that, in view of the amendement, the order of the commission had been superseded by the statute, rendering moot the question as to whether it was valid, and refused to pass upon the action of the lower court holding it invalid. In view of the amendment of the

regulation here, the question as to whether the original regulation should be construed as forbidding security deposits has likewise become a mere moot question and there is no reason for us to decide whether or not the interpretation placed thereon by the lower court was correct. Nothing that we might decide with respect thereto could affect the rights of any party to the litigation in any way.

The order below will accordingly be reversed and the case will be remanded with directions that the bill be dismissed without prejudice.

Reversed.