## Compton v. Moore.

Dec. 5, 1944.

Joe P. Tackett for appellant.
Joe Hobson for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is another family altercation which should never have reached the courts. Much bitterness is involved, but the property rights in dispute are of little value. Appellant and appellee are sister and brother.

Some time prior to 1925 their father, John Moore, died intestate the owner of a large body of land located on Left Beaver creek in Floyd county, and on May 29, 1925, the land was partitioned among his fourteen children. Appellant, Rhoda Compton, and appellee, Cephus Moore, were allotted adjoining tracts, each containing about 175 acres of land. About 5 acres of Cephus Moore's land and about 4½ acres of Rhoda Compton's land are lo-cated on the west side of Left Beaver creek and the remainder of each tract is located on the east side of the creek. A railroad was constructed along the east side of Left Beaver creek in 1913. At the time the land was divided an old county road ran along the west bank of the creek through the John Moore tract. The dwellings occupied by appellant and appellee are located on the west side of Left Beaver creek. In traveling back and forth beween his two tracts of land separated by Left Beaver creek, Cephus Moore traveled along the old county road over his sister's 4½-acre tract to a bridge over the creek and a crossing over the railroad tracks. In 1936 a state highway was constructed along the west side of Left Beaver creek. In order to locate the new road on higher ground and eliminate a curve, a new right of way through the Moore and adjoining lands was obtained. The new highway left the old county road at the southern boundary of Cephus Moore's land, passed through his 5-acre tract, appellant's 4½-acre tract and the land of others to a point where it again intersected the old road. The distance between the two intersections is slightly more than 1,000 feet. The distance between the old county road and the new state highway at the widest point is 131 feet. Cephus Moore moved a barn from the right of way of the new road onto the old county road near the southern boundary of his land, but he constructed a temporary road around the barn for the use of the traveling public during the construction of the new highway. When the state highway was opened for travel, he erected a fence around the barn which prevented use of the old road. He also erected a fence across the right of way of the old road on the line between his and appellant's land, but erected a gate at the point where the old road was located. Appellant and other land owners to the north treated the old road as abandoned and erected fences across it, throwing the old right of way into adjoining fields. All of them had access to the new highway without using the old road.

Appellee continued to use the old county road through his sister's land in order to reach his land on the east side of Left Beaver creek by way of the bridge and railroad crossing. On June 2, 1937, Mrs. Compton brought an action to enjoin him from trespassing on her land. In an answer and counterclaim the defendant alleged that he had no way of ingress or egress to and from his land on the east side of Left Beaver creek except over the old county road through the plaintiff's land which had been used adversely for more than fifteen years, and he asked that he be adjudged an easement over plaintiff's land for the purpose of getting to and from his land on the east side of the creek. The plaintiff filed a reply and later an amended petition in which she alleged that it was her understanding and belief that the old road had been abandoned and that the landowners through whose land it passed had been relegated to the use of the new road, but if wrong in this and the old road was still a legal road and she was compelled to open it over her land then the obstruction of the old road by defendant on his premises was wrongful and unlawful. The prayer of the amended petition is as follows: "Plaintiff prays as in her petition; she further prays in the alternative that if said old road way is yet a legal public road or pass way, that the defendant be enjoined and compelled to remove his barn and fences and all other obstructions placed over said road way and thereby enable plaintiff to pass over the same to and from her said land; * * *."

A large amount of proof was taken, and on January 21, 1939, a motion to submit the case was made. On February 25, 1939, the defendant's answer to the amended petition was filed, and on March 4, 1939, an order passing the motion to submit was entered. The case seems to have slumbered until May 15, 1943, when an order was entered sustaining plaintiff's motion to submit the cause for judgment. On May 28, 1943, judgment was rendered dismissing the plaintiff's petition and adjudging that the defendant has the right to use the old road through plaintiff's land.

It is not contended in appellant's brief that the court wrongfully adjudged that appellee has the right to use the old county road through appellant's land, but it is argued that no part of the old road has been discontinued and that the judgment should have so recited. Ap-

pellant concludes her brief as follows: "Under the facts as shown in this record, the only proper judgment was one adjudging the old road still a public road and adjudging that both the appellant and appellee should remove all obstructions placed thereon by them or either of them."

The case of Brown v. Roberts, 246 Ky. 316, 55 S. W. 2d 9, is cited. In that case the facts were very similar to those in the present case, and it was held that where a new road has been constructed in the place of an old road the latter can be abandoned only in the manner pointed out by the Statutes enacted for that purpose. KRS 178.020 and 178.050. To the same effect is Maggard v. Breeding, 290 Ky. 701, 162 S. W. 2d 523.

The evidence in the present case establishes satisfactorily that appellee is entitled to a passway through appellant's land as a way of necessity, since it is the only practical way to reach his land located on the east side of Left Beaver creek and has been used continuously since the partition of the John Moore land, but, aside from that, he has a right to use the old county road which has not been legally abandoned. The judgment goes no further than this and does not preclude appellant from using that part of the old road on appellee's land. Her right in that respect was really not an issue, and, since all the landowners along the old road were not parties to the action, the court properly refrained from declaring the old road between the intersections with the new highway still a public road. Appellee testified that he had no objection to the use by appellant of the old road through his property, and that the gate erected by him on the line between them was intended for the use of both. He has filed a motion to set aside the order of submission and to dismiss the appeal as moot, and in support of the motion has filed his affidavit stating that the barn which was located on the right of way of the old county road was removed about three years ago, that there has been no fence across the old county road on the line between appellant and appellee since 1938, and there is now no obstruction in the old county road at any point where it traverses his property. We do not concur in the view that the appeal is moot, but, since appellant is not prejudiced in any of her rights by the judgment, it is our opinion that it should be affirmed.

Judgment affirmed.