471 P.2d 876

INTERMOUNTAIN AMBULANCE SERV-
ICE, INC., a Utah corporation,
Plaintiff and Respondent,

v.

BOARD OF COMMISSIONERS OF SALT
LAKE CITY CORPORATION and Thad B.
Emery, License Assessor of Salt Lake City,
Defendants and Respondents,
Gold Cross Services, Inc., Defendant
and Appellant.

GOLD CROSS SERVICES, INC., Cross-
Claimant and Appellant,

v.

BOARD OF COMMISSIONERS OF SALT
LAKE CITY CORPORATION, Cross-
Defendant and Respondent.

No. 11934.

Supreme Court of Utah.

July 7, 1970.

Zar E. Hayes, and Glen E. Davies, of Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for appellant.

Joseph J. Palmer, Salt Lake City, for Intermountain Ambulance Service.

Jack Crellin, Salt Lake City Atty., Salt Lake City, for Salt Lake City Corp.

TUCKETT, Justice:

The plaintiff, Intermountain Ambulance Service, Inc., filed its suit in the court below to enjoin the defendant, Gold Cross Services, Inc., from operating ambulances upon the streets of Salt Lake City. The defendant, Gold Cross Services, Inc., answered the complaint of the plaintiff and also filed a counterclaim against the plaintiff for damages it claims to have suffered by reason of the issuance of the temporary restraining order and the preliminary injunction. The defendant also filed a cross-complaint against Salt Lake City attacking the validity of the city ordinance which requires a certificate of convenience and necessity before one might engage in the operation of ambulances. The trial court dismissed the counterclaim and cross-complaint and also dissolved the injunction and the restraining order. The trial court decided that the ordinance in question was valid, and from that decision the defendant and cross-complainant has appealed.

It is the claim of the defendant before this Court that the ordinance in question is invalid in that it goes beyond powers granted to the City by the State Legislature, and that provisions of the ordinance permit the City to grant a franchise to one person and to exclude all others from the operation of ambulances, and by so doing. create a monopoly in violation of the equal protection clauses of the Federal and State Constitutions. After the record on appeal had been filed in this Court a supplement to the record was filed which indicates that the defendant and appellant, Gold Cross Services, Inc., filed a new application with the City for a certificate of convenience and necessity permitting the operation of six ambulances. The City granted the application pursuant to the provisions of the ordinance here in question.

We are of the opinion that appellant having elected to proceed under the ordinance and to apply for and to obtain certificates permitting it to operate ambulances on the streets of Salt Lake City cannot now claim that the ordinance in question is invalid. The further claim of appellant that the ordinance permits the City to grant a monopoly cannot now be sustained,

and it would appear that the claim in respect thereto is moot.

■ We are of the opinion that the appeal in this case should be dismissed and it is so ordered, and the matter is remanded to the district court to determine whether or not the defendant, Gold Cross Services, Inc., was damaged by the restraining order and the preliminary injunction obtained by the plaintiff, and if so, in what amount. No costs are awarded.

CALLISTER and HENRIOD, JJ., concur.

CROCKETT, Chief Justice (dissenting).

The court's opinion evades the issue which is the foundation of the case: i. e., the constitutionality of the ordinance.

Gold Cross in the court below challenged the validity of the ordinance. From an adverse ruling it took this appeal. I do not find anything in the record before this court to indicate that the question is moot. Subsequent to the judgment below, and after the appeal to this court, plaintiff's counsel lodged with this court an unsigned document titled "Affidavit" stating that Gold Cross has since obtained a certificate under the ordinance. There are two reasons why this court cannot properly let its decision turn upon that document. First, it is unsigned and therefore a nullity.[1] Second, even if it were properly signed, it was not part of the case as decided by the trial court, is not properly part of the record here, and therefore cannot be the basis of our decision.[2]

It is further to be observed that even upon remand as indicated in the decision, a determination of the validity of the ordinance should be made by this court. It is indicated in the last paragraph of the opinion that Gold Cross may have suffered damages through the issuance of the preliminary injunction and remands the case for their assessment. The claim of Gold Cross for damages against Intermountain will involve determining whether the issuance of the injunction was justified. It was issued on the basis of the ordinance and alleged failure to comply therewith. Gold Cross contended below, and in this court, and undoubtedly will persist in contending that the ordinance was invalid, so whether it complied or not is immaterial. It has not abandoned that position in this case, and it should not be deprived of its right to do so. And this is true even if it may have elected to comply with such a challenged ordinance in the meanwhile in order to avoid burdensome sanctions or

---

1. See White v. Heber City, 82 Utah 547, 26 P.2d 333 (1933) ; Robins v. U. S., 345 F.2d 930 (9th Cir. 1965) ; Laurens County v. Keen, 214 Ga. 32, 102 S.E.2d 697 (1958) ; Baltimore and Potomac R.

Co. v. Sixth Presbyterian Church, 91 U.S. 127, 23 L.Ed. 260 (1875).
2. Tucker Realty, Inc. v. Nunley, 16 Utah 2d 97, 396 P.2d 410 (1964).

penalties.[3] Under our rules of procedure, and our decisional law, it is our duty to rule on issues which will be essential to settle the rights of the parties upon a remand for further proceedings.[4]

For the foregoing reasons I regretfully am unable to agree with the court's decision. Nevertheless, in view of the agreement of the majority, it would serve no useful purpose for this dissent to treat the question as to the validity of the ordinance.

ELLETT, J., concurs in the dissenting opinion of CROCKETT, C. J.,

3. That where part of controversy is resolved courts will determine other essential questions, see Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 552, 65 L.Ed. 990 (1921); Fiswick v. U. S., 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946); Compton v. Moore, 298 Ky. 763, 184 S.W.2d 83 (1944).

4. See Rule 76(a), U.R.C.P.; and Johnson Corp. v. Peterson, 18 Utah 2d 260, 420 P.2d 615 (1966).