Dr. Regina **FLESCH**

v.

**EASTERN PENNSYLVANIA PSYCHIATRIC INSTITUTE et al.**

**Civ. A. No. 76–3927.**

United States District Court,
E. D. Pennsylvania.

June 25, 1979.

 

MEMORANDUM

LUONGO, District Judge.

Dr. Regina Flesch filed the complaint in this sex discrimination case on December 21, 1976. Defendants moved to dismiss the complaint on a number of grounds, and I entered an order on June 23, 1977, dismissing several portions of the complaint. *See* 434 F.Supp. 963 (E.D.Pa.1977). On December 7, 1977, the three remaining defendants filed a suggestion of mootness. Document No. 16. This very brief statement simply asserted, with no citation of authority, that a recent arbitration award had made plaintiff whole, and that her civil rights action was therefore moot. Plaintiff then submitted an equally brief statement by way of reply, in which she specified certain other forms of relief that she still sought to obtain in this case. Document No. 17. On December 30, 1977, I entered an order rejecting defendants' suggestion of mootness. Document No. 18. Defendants now request that I reconsider that order or, in the alternative, certify the issue of mootness for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (1976). They have filed a thorough memorandum in support of their position. Document No. 19. Upon reconsideration, I conclude, for the reasons hereafter stated, that this action is now moot and should therefore be dismissed.

Dr. Flesch was employed as a medical research scientist at the Eastern Pennsylvania Psychiatric Institute (EPPI) from September 12, 1966 through September 14, 1976.[1] (EPPI, a psychiatric hospital and research institution, is operated as part of the Pennsylvania Department of Public Welfare.) During that time, EPPI and two of its officers—defendants Watson and Borislow—allegedly "discriminated against plaintiff by denying her adequate supporting staff, facilities, and equipment because of her sex." 434 F.Supp. at 968. Moreover, toward the end of her tenure, EPPI (acting

John C. Wright, Jr., Philadelphia, Pa., for plaintiff.

Robert E. Kelly, Asst. Atty. Gen., Dept. of Public Welfare, Harrisburg, Pa., for defendants.

---

1. The pertinent facts are undisputed, and the parties have agreed that I may treat as part of the record three documents attached to defendants' memorandum. These are copies of (1) the arbitrator's written decision, (2) the collective bargaining agreement for the two-year period ending June 30, 1979, and (3) the collective bargaining agreement for the two-year period beginning July 1, 1979.

through defendant Borislow) allegedly "gave plaintiff low performance ratings, partly because of her sex and partly because of the inadequate supporting staff, facilities, and equipment which had been provided to her." *Id.* On September 14, 1976, EPPI furloughed Dr. Flesch, "in part because of her low performance ratings." *Id.* She then filed this civil action.

EPPI apparently furloughed several other professional employees along with plaintiff, and advised them all that their furloughs were necessitated by a reduction in the Commonwealth's budgetary appropriation for EPPI. In addition, EPPI informed these employees that they had been "selected" for furloughs based on a combination of their performance ratings and their individual seniority, in accordance with the collective bargaining agreement between the Commonwealth and the Pennsylvania Association of State Mental Hospital Physicians. Several of these employees, including Dr. Flesch, then instituted grievances, contending that the performance rating system at EPPI was arbitrary and capricious. Hearings were held before an arbitrator in January and April of 1977.

As I already noted, defendants moved early in 1977 to dismiss the complaint in this action. One of their arguments was based on the pendency of plaintiff's grievance before the arbitrator. I summarized their position in this fashion: "Defendants argue . . . that plaintiff should be required to fully exhaust her contractual remedies once she has resorted to them and contend that I should not exercise jurisdiction over the Title VII claims until the arbitrator's decision has been rendered." 434 F.Supp. at 972. Although I rejected this exhaustion argument, *id.*, I dismissed several claims and several defendants in an order dated June 23, 1977. The remaining claims are based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–16 (1976), and on the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(c) (1976). Plaintiff's Title VII claim runs against EPPI, Watson, and Borislow, while her claims under sections 1983 and 1985(c) run only against Watson and Borislow.

In July of 1977, the arbitrator issued his decision on the grievances filed by Dr. Flesch and the other EPPI professional employees who were furloughed along with her. Appendix A to Defendants' Memorandum (Document No. 19). The arbitrator held that the performance rating system, which EPPI had used to determine order of furlough among employees with equal seniority, was inherently arbitrary and had been applied capriciously by EPPI supervisors. For these reasons, the arbitrator found that the Commonwealth had violated the collective bargaining agreement, and he directed the Commonwealth to reinstate Dr. Flesch and four others, "and to make them whole for any lost wages and benefits." *Id.* However, the arbitrator had no occasion to reach any of the sex discrimination claims that form the basis of this civil rights action.

The issue here is whether the arbitrator's award has rendered Dr. Flesch's remaining civil rights claims moot. Plaintiff conceded, in connection with the original suggestion of mootness, that her case "is now partially moot because much of the relief sought has been obtained through the arbitration proceeding." Plaintiff's Memorandum in Response (Document No. 17) at 1. She argues, however, that three live issues remain, and that the complaint should not be dismissed. I shall consider each of these issues separately.

■ First, plaintiff points to her pendent claim under the State Employees' Retirement Code, 71 Pa.Cons.Stat.Ann. §§ 5101–5956 (Purdon 1978). In her complaint, plaintiff alleged that she had been erroneously classified as a part-time employee while working at EPPI under a federal research grant, and that she had lost seniority and retirement credit as a result. Complaint ¶ 17. Dr. Flesch now argues: "While the Court dismissed [the State Employees Retirement Board] as a Defendant in this action (declining its ancillary jurisdiction), that should not deprive the Plaintiff of a determination of the retirement seniority issue vis-a-vis the existing and remaining

Defendants." Plaintiff's Memorandum in Opposition (Document No. 20) at 2. Unfortunately, this contention is based on a misinterpretation of my earlier opinion in this case. I noted there:

"[T]he Retirement Code was recently enacted and has since been subject to very scant judicial interpretation. Indeed, defendants contend that claims asserted under the Code cannot be heard by the courts until state administrative remedies have been exhausted under the Administrative Agency Law. Whether or not this contention is correct, it is appropriate to defer to state tribunals for initial construction of this relatively new statute. I therefore will not exercise pendent jurisdiction over plaintiff's claims against the defendants under the State Employees Retirement Code."

434 F.Supp. at 981 (footnote and citations omitted).

In accordance with this ruling, I entered an order dismissing plaintiff's claims under the Code with respect to all defendants. *Id.* It follows that those claims cannot save this case from mootness.

Plaintiff's second and third arguments—which are related—are based on her remaining claims under Title VII and sections 1983 and 1985(c). In the complaint, Dr. Flesch requested declaratory and injunctive relief, an award of "back pay and other compensatory and punitive damages," Document No. 1 at 6, and an award of attorneys' fees and costs. This prayer for relief plainly exceeds the scope of the relief ordered by the arbitrator, which was limited to reinstatement and back pay. But at oral argument plaintiff explicitly abandoned any claim for additional injunctive relief or additional damages. *See generally Cochetti v. Desmond*, 572 F.2d 102 (3d Cir. 1978). She now seeks only (1) a declaratory judgment that the remaining defendants unlawfully discriminated against her on the basis of sex, and (2) an award of attorneys' fees and costs. I shall consider whether either of these requests presents a live case or controversy here.

With respect to plaintiff's request for a declaratory judgment, first of all, the Supreme Court has noted "the difficulty in fashioning a precise test of universal application for determining whether a request for declaratory relief ha[s] become moot." *Preiser v. Newkirk*, 422 U.S. 395, 402, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975). The Court has repeatedly stated, however, that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941), *quoted in Preiser v. Newkirk, supra*, 422 U.S. at 402, 95 S.Ct. at 2334. In order to answer this question, the court must make a "highly individualistic, and usually intuitive, appraisal of the facts of each case." 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3533 at 263 (1975).

The salient feature of this case is that plaintiff seeks a declaration as to the legality of an alleged course of conduct that has apparently ended and that is unlikely to resume. Certainly nothing in the record suggests that Dr. Flesch has encountered any discriminatory practices in the eleven months since the arbitrator ordered her reinstated, or that she anticipates any such practices in the future. Any future furloughs at EPPI will be implemented solely on the basis of seniority, by the terms of the newer collective bargaining agreements between the Commonwealth and the Pennsylvania Association of State Mental Hospital Physicians. *See* Agreement, Appendix B to Defendants' Memorandum (Document No. 19) (effective July 1, 1977 through June 30, 1979); Agreement, Appendix C to Defendants' Memorandum (effective July 1, 1979 through June 30, 1981). Thus, the only "controversy" between Dr. Flesch and the remaining defendants concerns the lawfulness of their past practices. What plaintiff seeks, in effect, is "a mere declaration of law without implications for practical enforcement upon the parties." *Browning*

*Debenture Holders' Comm. v. DASA Corp.,* 524 F.2d 811, 817 (2d Cir. 1975). Under the circumstances, I believe that her request for declaratory relief is moot.

■ Plaintiff objects to this conclusion: "Certainly . . . there is a real case and controversy remaining. In order to protect her rights, Plaintiff has incurred and paid attorneys [*sic*] fees in excess of $3,000.00. Plaintiff is not interested in prosecuting this action for her emotional satisfaction, but she is legally entitled to recover her attorneys [*sic*] fees in the event she can prove that her sex was a factor in her treatment. And these fees are a major expense to an individual plaintiff . . . . To deny her the right to claim reimbursement for them would have a chilling effect upon Title VII plaintiffs and would be grossly unfair."

Plaintiff's Memorandum in Opposition (Document No. 20) at 1–2 (footnote omitted).

As I understand her position, plaintiff does not suggest that a controversy *presently* exists over her entitlement to a fee award. Indeed, plaintiff has not sought a fee award for the services rendered to date by her attorneys in this case. *See generally Ross v. Horn,* 598 F.2d 1312, 1321–1322 (3d Cir. 1979); *Carey v. New York Gaslight Club, Inc.,* 598 F.2d 1253 (2d Cir. 1979). Rather, she contends that if she litigates this case to its conclusion and obtains a declaration that defendants violated her civil rights, she would *then* be entitled to a fee award for all services rendered by her attorneys in connection with this case. *See* 42 U.S.C. § 2000e–5(k) (1976) (court may award prevailing party "a reasonable attorney's fee as part of the costs"). That may well be true, but it is no answer to the mootness problem. A litigant's desire to obtain a fee award at the conclusion of a case cannot keep the case in federal court after it has become moot in all other respects. *Cf. Bank of Marin v. England,* 385 U.S. 99, 111 n. 1, 87 S.Ct. 274, 281 n. 1, 17 L.Ed.2d 197 (1966) (Fortas, J., dissenting) ("controversy as to costs alone does not

salvage an otherwise moot case"); *Heitmuller v. Stokes,* 256 U.S. 359, 361–62, 41 S.Ct. 522, 65 L.Ed. 990 (1921) (same). Any other rule would largely nullify the mootness doctrine with respect to cases brought under the myriad federal statutes that authorize fee awards. *See generally Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 260–61 n. 33, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (collecting statutes). Thus, plaintiff's argument cannot succeed.

I conclude, then, that this action is now moot, notwithstanding plaintiff's requests for declaratory relief and a fee award, and I must therefore dismiss the complaint for lack of subject-matter jurisdiction. I shall enter an appropriate order.