**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Plaintiff-Appellant,**

v.

**ZANTOP AIR TRANSPORT CORP., Defendant-Appellee.**

**No. 17609.**

United States Court of Appeals
Sixth Circuit.
April 24, 1968.

Gerry M. Miller, Milwaukee, Wis., Lawrence A. Burns, Detroit, Mich., David Leo Uelmen, Milwaukee, Wis., Goldberg, Previant & Uelmen, Milwaukee, Wis., on brief, for appellant.

John A. Kruse, Detroit, Mich., Alexander, Buchanan & Conklin, Detroit, Mich., on brief, for appellee.

Before PHILLIPS and COMBS, Circuit Judges, and WEINMAN, District Judge.*

WEINMAN, District Judge.

This is an action brought by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Teamsters) against Zantop Air Transport Corp.[1] (Zantop the car-

---

* The Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. Zantop Air Transport Corp. has subsequently been acquired by Universal Airlines, Inc.

rier) seeking judicial relief against unlawful carrier interference with the statutory rights of its employees under the Railway Labor Act, 45 U.S.C.A. §§ 151–188 to select the Teamsters as bargaining representative in representation elections conducted by the National Mediation Board.

Under the Railway Labor Act, 45 U.S.C.A. § 152, par. 9, jurisdiction over representational disputes is vested in the National Mediation Board. Section 152, paragraph 9 of Title 45 provides as follows:

"If any dispute shall arise among a carrier's employees as to who are the representatives of such employees designated and authorized in accordance with the requirements of this chapter, it shall be the duty of the Mediation Board, upon request of either party to the dispute, to investigate such dispute and to certify to both parties, in writing, within thirty days after the receipt of the invocation of its services, the name or names of the individuals or organizations that have been designated and authorized to represent the employees involved in the dispute, and certify the same to the carrier. Upon receipt of such certification the carrier shall treat with the representative so certified as the representative of the craft or class for the purposes of this chapter. In such an investigation, the Mediation Board shall be authorized to take a secret ballot of the employees involved, or to utilize any other appropriate method of ascertaining the names of their duly designated and authorized representatives in such manner as shall insure the choice of representatives by the employees without interference, influence or coercion exercised by the carrier. * * *"

The Teamsters Union invoked the services of the National Mediation Board, pursuant to the provisions of Section 152, paragraph 9, requesting the Mediation Board to conduct a secret ballot election to investigate and certify its status as bargaining representative of Zantop employees. An election was held and the Teamsters received 121 votes as against 21 for the Air Line Pilots Association, International. However, the National Mediation Board deferred certification of the Teamsters as bargaining representative pending an investigation into employee charges that fraudulent conduct on the part of the Teamsters during the course of the election tended to prevent a free expression of the employees representative choice.

While the Mediation Board was investigating the validity of the election in order to determine whether to certify the Teamsters Union as bargaining representative, the Teamsters Union filed this action in the District Court charging Zantop with various acts of unlawful conduct during the union's organizing campaign. The District Court sustained Zantop's motion to dismiss, holding that an uncertified labor organization may not seek judicial enforcement of statutory provisions guaranteeing the right of employees to organize and select a bargaining representative; that Congress, under the Railway Labor Act, has vested exclusive jurisdiction over such disputes in the National Mediation Board and that no jurisdiction lies in the Federal Courts until the remedies set forth in the Act have been fully exhausted.

The District Court did not question the right of employees, either individually or in concert, to obtain judicial relief for violation of their organizational rights under the provisions of the Railway Labor Act. See Brady v. Trans World Airlines, Inc., 223 F.Supp. 361 (1963). The District Court only held that an uncertified labor organization could not enforce such rights for the employees it sought to represent.

During oral argument before the Court, it was suggested that the issues in this appeal were rendered moot due to subsequent events. Counsel informed the Court that during the pendency of this appeal the National Mediation Board had set aside the election won by the

Teamsters and conducted a second election upon the application of the Teamsters and the Air Line Pilots Association. In a decision and order styled:

## NATIONAL MEDIATION BOARD
### WASHINGTON, D. C. 20572

In the matter of
REPRESENTATION OF EMPLOYEES
of
UNIVERSAL AIRLINES, INC.[2]
Pilots and Co-Pilots

CASE NO. R–3795
DISMISSAL
MARCH 16, 1967

◆

The Board declined to certify either union because a majority of eligible employees failed to cast valid ballots in the second election.[3]

On July 10, 1967, the Board conducted a third election among the carriers employees upon the application of the Air Line Pilots Association, International and the applicant won the election by a vote of 187 to 41. In a decision and order styled:

## NATIONAL MEDIATION BOARD
### WASHINGTON, D. C. 20572

In the matter of
REPRESENTATION OF EMPLOYEES
of
UNIVERSAL AIRLINES, INC.
Pilots, Co-Pilots & Flight
Engineers

CASE NO. R–3962
(C–3782)
CERTIFICATION
January 15, 1968

◆

the Board issued an order certifying the Air Line Pilots Association, International as bargaining representative of the carriers employees for the purposes of the Railway Labor Act.[4]

2. Universal Airlines, Inc. purchased Zantop Air Transport Corp. prior to March 16, 1967.

3. "The National Mediation Board finds that the carrier and employees in this case are, respectively, a carrier and employees within the meaning of the Railway Labor Act, as amended; that this Board has jurisdiction over the dispute involved herein; and, that the interested parties were given due notice of investigation.

"On the basis of the investigation and report of election which shows that less than a majority of eligible employees cast valid ballots in this election, the National Mediation Board finds no basis for Certification, and the applications are therefore dismissed.

"By order of the NATIONAL MEDIATION BOARD
(S) THOMAS A. TRACY
Executive Secretary"

4. "The National Mediation Board finds that the carrier and employees in this case are, respectively, a carrier and employees within the meaning of the Railway Labor Act, as amended; that this Board has jurisdiction over the dispute involved herein; and, that the interested parties were given due notice of investigation.
CERTIFICATION
"NOW, THEREFORE, in accordance with Section 2, Ninth, of the Railway Labor Act, and based upon its investigation pursuant thereto, the National Mediation Board certifies that the Air Line Pilots

█ The Teamsters questioned whether an appellate court could consider matters which were not part of the appellate record.[5] However, while an appellate court is not obligated to take notice of matters not brought to the attention of the lower court, it may take judicial notice where necessary to affirm or to show the impropriety of the decision of the lower court. American Legion Post No. 90 of Village of Mamaroneck v. First National Bank and Trust Co., 113 F.2d 868 (C.A. 2, 1940). Furthermore, the appellee asserts that the subsequent certification of the Air Line Pilots Association, International as bargaining representative of its employees renders this appeal moot. Decisions of the Supreme Court have established that when a fact not appearing in the appellate record renders the issues on any appeal moot, such fact may be proved by extrinsic evidence. Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895); Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990 (1921). See Moore's Federal Practice § 57.13.

█ Many cases have recognized that a Court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority. Carter v. American Telephone & Telegraph Co., 365 F.2d 486 (C.A. 5, 1966); Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380 (C.A. 9, 1953). United States v. Rice, 176 F.2d 373 (C.A. 3, 1949); Lilly v. Grand Trunk Western Railroad Co., 317 U.S. 481, 63 S.Ct. 347, 87 L.Ed. 411 (1943). We hold that the decisions and orders of the National Mediation Board, issued pursuant to the

Board's statutory power to certify bargaining representatives, may be judicially noticed by this Court.

█ The carrier is correct in its contention that the subsequent certification of the Air Line Pilots Association as bargaining representatives for the carriers' employees has rendered the issues on this appeal moot. This action was brought by the Teamsters to obtain judicial enforcement of employee rights to select the Teamsters as their bargaining representative. During the pendency of this appeal the underlying representational dispute has been terminated and a bargaining representative has been certified by the Board. An important test for determining mootness is whether "an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant any effectual relief whatsoever. * * *" Mills v. Green, supra. In this action in which no employee of the carrier was a party, the Teamsters Union sought injunctive relief restraining carrier interference with employee rights during representational elections. Now that an election has been held and a bargaining representative certified, such injunctive relief would be ineffective and futile. See Barker Painting Co. v. Local No. 734, Brotherhood of Painters, etc., 281 U.S. 462, 50 S.Ct. 356, 74 L.Ed. 967 (1930); Amalgamated Ass'n of Street, Electric Railway & Motor Coach Employees, etc. v. Wisconsin Employment Relations Board, 340 U.S. 416, 71 S.Ct. 373, 95 L.Ed. 389 (1951); Fowler v. United States, 258 F.Supp. 638 (D.C. 1966).

Association, International has been duly designated and authorized to represent for the purposes of the Railway Labor Act, Pilots, Co-Pilots and Flight Engineers, employees of Universal Airlines, Inc., its successors and assigns.

"This certification does not establish a precedent or preclude an ultimate determination in any future representation dispute as to the proper classification of these employees for representation purposes.

"By order of the NATIONAL MEDIATION BOARD.

(S) Thomas A. Tracy
Executive Secretary"

5. The Court ordered copies of National Mediation Board decisions rendered on March 16, 1967 and January 15, 1968 filed with the Clerk subject to a determination by the Court as to whether these decisions should be judicially noticed. Counsel for the appellant Teamsters Union has not challenged the authenticity of either document filed with this Court.

The duty of a Court is to decide actual controversies by a judgment that can be carried into effect and not to give opinions on moot questions or abstract propositions. Mills v. Green, supra; Heitmuller v. Stokes, supra; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620 (1923); Amalgamated Ass'n of Street, Electric Railway & Motor Coach Employees, etc. v. Wisconsin Employment Relations Board, supra; Local No. 8-6, Oil, Chemical and Atomic Workers International Union v. Missouri, 361 U.S. 363, 80 S.Ct. 391, 4 L.Ed.2d 373 (1960). Furthermore, it is settled that if the question presented by an appeal has become moot, the appeal will be dismissed by the appellate court without a ruling on the merits. Morrison Cafeteria Company of Nashville, Inc. v. Johnson, 344 F.2d 690 (C.A. 6, 1965).

The Teamsters Union also requested that discharged employee Marvin Kagan be reinstated with back pay. This matter cannot be considered by this Court because it involves the private statutory rights of the discharged employee who is not a party to this action.

In accordance with the foregoing, this appeal is hereby dismissed.