**NORTH AVONDALE NEIGHBORHOOD ASSOCIATION et al., Plaintiffs-Appellants,**

v.

**CINCINNATI METROPOLITAN HOUSING AUTHORITY et al., Defendants-Appellees.**

**No. 72-1168.**

United States Court of Appeals, Sixth Circuit.

July 20, 1972.

Marvin Kraus, Cincinnati, Ohio, for plaintiffs-appellants; E. Winther McCroom, Cincinnati, Ohio, on brief.

Booth Shepard, and Charles H. Tobias, Jr., Steer, Strauss, White & Tobias, Grayce Ruehlman, Asst. U. S. Atty., Cincinnati, Ohio, for defendants-appellees.

Before EDWARDS, PECK and MILLER, Circuit Judges.

PER CURIAM.

Appellants appeal from the denial of a petition for preliminary injunction entered by the United States District

Court for the Southern District of Ohio, Western Division.

Appellants are a neighborhood association (and individuals associated therewith) representing North Avondale, an area of the City of Cincinnati in which the Department of Housing and Urban Development proposed to build (and has now built) a 48-unit public housing project. Appellants' complaint was filed May 26, 1971, but no motion for preliminary injunction was filed until August 10, 1971. This was after the site had been selected, after the builder had been selected, after he had purchased the site, after he had secured a building permit, after he had let seven subcontracts, and after substantial work had been done on the site.[1]

The District Judge held hearings on the motion for preliminary injunction and entered an order denying it on September 17, 1971.

On October 14, 1971, appellants filed a motion for reconsideration of the District Court's conclusion to deny the motion for preliminary injunction and further motions and proceedings were terminated by an order denying temporary injunction and disposing of other motions entered on December 23, 1971.

Appellants' notice of appeal was filed January 14, 1972, but no motion for stay of proceedings or preliminary injunction was ever filed in this court.

As of the date of hearing on this appeal on June 2, 1972, the court was advised that the project as to which the restraining order and preliminary injunction were sought has been completed, with the exception of some interior work, which is still proceeding.

The thrust of appellants' brief and oral argument on appeal is that the location of this housing project in a "neighborhood" asserted to be "95% Negro" is a violation of the fair housing standards of the Civil Rights Act of 1968, 42 U.S. C. §§ 3601, 3608(d) (5) (1970), which will be subsequently referred to and quoted in full.

The District Judge, taking into account the total housing project proposed by defendant housing authority, which included 48 units to be built in a largely white neighborhood, as well as these 48 units to be built in North Avondale, found an insufficient showing on appellants' part of such violations of the standards of the Civil Rights Act of 1968 as to suggest that appellants had "borne the burden of 'probable success' on the merits."

At oral hearing of this appeal counsel for appellants conceded that the project had been constructed and was very near completion. Asked what relief this court could render under these circumstances, he ultimately proposed the entry of an order finding the statutory violations referred to above and requiring the destruction of the housing.

The issue as to whether or not there have been violations of either the Civil Rights Act of 1968 or the Fair Housing Acts or regulations relied on by appellants will be squarely before the District Court on trial of the principal complaint and we see no need for this court to pass on these issues at this time.

At the hearing upon the merits, the past history of the Metropolitan Housing Authority's site selection and tenant selection policies may be shown. Likewise, the tenant selection policies contemplated for the housing projects herein referred to may be shown. If violations of national standards are shown, the District Judge has remedial powers to order a plan developed and implemented "to provide, within constitution-

1. The record establishes the following chronology:
May 26, 1970—Contractor selected.
June 29, 1970—"Tentative selection" of site.
Sept. 1, 1970—Real estate acquired.
May 13, 1971—Building permit issued.
May 26, 1971—Complaint filed.
June 17, 1971—Contract signed.
Aug. 10, 1971—Motion for preliminary injunction.
Sept. 17, 1971—Motion for preliminary injunction denied.
Jan. 14, 1972—Notice of appeal filed.

488

al limitations, for fair housing." 42 U.S.C. § 3601 (1970).

█ Petitions for preliminary injunctions are addressed in the first instance to the judicial discretion of the District Judge. In determining on appeal whether that discretion has been abused, four standards have been suggested:

1) Has petitioner made a strong showing of probable success at trial?

2) Has petitioner shown irreparable injury?

3) Would issuance of the preliminary injunction cause substantial harm to others?

4) Where lies the public interest? Virginia Petroleum Jobbers Assoc. v. Federal Power Commission, 104 U.S. App.D.C. 106, 259 F.2d 921, 925 (1958); Hamlin Testing Laboratories, Inc. v. United States Atomic Energy Comm'n, 337 F.2d 221, 222 (6th Cir. 1964).

We believe that this record mandates a negative answer as to the first of these, and inconclusive answers as to the others.

█ The District Judge found on this record that there is a serious housing shortage in the Cincinnati area, and there is evidence to support his finding. We reject the suggestion that this court should order destruction of these homes at this stage of the proceedings and before a full evidentiary hearing has been held as to the claimed violations.

The judgment of the District Court is affirmed and the case is remanded to the District Court for further proceedings in accordance with the statutory standards set out below:

"§ 3601. It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601 (1970).

"§ 3608(d). The Secretary of Housing and Urban Development shall * * *

"(5) administer the programs and activities relating to housing and urban development in a manner affirmatively to further the policies of this subchapter." 42 U.S.C. § 3608(d) (5) (1970).