**Charles ADAMS et al.,
Plaintiffs-Appellants,**

v.

**FEDERAL EXPRESS CORPORATION,
Defendant-Appellee.**

**No. 75–2340.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 19, 1976.

Decided Dec. 16, 1976.

---

Howard R. Paul, Memphis, Tenn., Robert M. Baptiste, Ronald P. Wilder, Jr., Gary S. Witlen, Washington, D.C., for plaintiffs-appellants.

Scott F. May, J. Tucker Morse, Federal Express Corp., Memphis, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

This is a joint appeal by the International Brotherhood of Teamsters, Warehousemen and Helpers of America and four individual employees from a decision denying a preliminary injunction and dismissing the Teamsters as a party to the litigation. The memorandum opinion of Chief District Judge Bailey Brown is reported at 90 L.R. R.M. 2742.

The appeal presents two questions:

1. Does an uncertified labor organization have an express or implied right to maintain an action under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*? and

2. Did the District Court abuse its discretion in denying the motions for preliminary injunction in the labor dispute involved in this case?

The District Court dismissed the Teamsters' action. We affirm on authority of *I.B.T. v. Zantop,* 394 F.2d 36 (6th Cir. 1968). We also affirm the judgment of the District Court in denying the motion for preliminary injunction.

### I. Jurisdiction

This case centers around an effort by the Teamsters to unionize Federal Express, a chartered air freight carrier engaged in operating a parcel delivery service. As such the defendant company is a common carrier engaged in interstate commerce and subject to the provisions of the Railway Labor Act.

This action was filed by the Teamsters Union and an employee and three former employees of Federal Express alleging violation of § 2, third and fourth of the Act. These sections give the right to employees, *inter alia,* to organize and bargain collectively through representatives of their own choosing without interference by the carri-

er. The complaint charges that these rights were violated by the Company's threats, harassment, surveillance activities and selective discharges during the course of the organizational drive. Three individual plaintiffs, Adams, Washington and Andrews, allege that they were discharged because of their Union activities. The complaint seeks their reinstatement with back pay. Plaintiff Lovett avers that he initially was refused re-employment, after a voluntary resignation to enter the Air Force, because of his Union activities, and that he was rehired only because it was mandated by the Military Selective Service Act of 1967.[1] The plaintiff sought a preliminary injunction to restrain the company from: threatening employees with economic reprisals because of their participation in organizational activity on behalf of the Union; interrogating employees about Union activities; engaging in surveillance; and harassing employees.

Except for the fact that Federal Express is a common carrier subject to the Railway Labor Act, this proceeding would be within the exclusive jurisdiction of the National Labor Relations Board and not within the jurisdiction of a United States District Court.

We are reluctant to impose upon a District Court duties analogous to those of the National Labor Relations Board, which are best resolved by an administrative agency, rather than the judiciary. We would prefer to hold that the District Court has no jurisdiction and that exclusive jurisdiction is in the National Mediation Board. *Compare Brotherhood of Railway and Steamship Clerks v. United Airlines,* 325 F.2d 576 (6th Cir. 1963).

Unfortunately, Congress has not so provided with respect to those parts of the Railway Labor Act here involved. We are bound by compelling judicial precedent to hold that the District Court has jurisdiction. *Virginia Railway Co. v. System Federation,* 300 U.S. 515, 542–44, 57 S.Ct. 592, 81 L.Ed. 789 (1937); *Texas & New Orleans Railroad Co. v. Brotherhood of Railway Clerks,* 281

U.S. 548, 567–71, 50 S.Ct. 427, 74 L.Ed. 1034 (1930); *Burke v. Compania Mexicana DeAviacion,* 433 F.2d 1031 (9th Cir. 1970). *See also Chicago & N.W. R. Co. v. Transportation Union,* 402 U.S. 570, 577–81, 91 S.Ct. 1731, 29 L.Ed.2d 187 (1971).

## II. Status of Uncertified Union

█ We now come to the question of whether there is a right of action, express or implied, in favor of an uncertified Union under the Act. This question is implicitly answered in the negative by the decision of this court in *I.B.T. v. Zantop, supra,* 394 F.2d 36 (6th Cir. 1968).

In *Zantop* the Teamsters filed an action seeking judicial relief against alleged unlawful carrier interference with the statutory rights of employees under the Railway Labor Act. The Teamsters Union was not the certified representative of the employees at the time the suit was instituted or at any time thereafter. The District Court did not question the right of employees, either individually or in concert, to obtain judicial relief for violation of their organizational rights under the statute. It held that an uncertified labor organization could not enforce such rights for the employees it sought to represent. *394 F.2d at 38.* After the decision of the District Court, the National Mediation Board certified a rival union as bargaining representative. This court dismissed the appeal as moot. The Teamsters urged that a discharged employee be reinstated with back pay. This court said:

> The Teamsters Union also requested that discharged employee Marvin Kagan be reinstated with back pay. This matter cannot be considered by this Court because it involves the private statutory rights of the discharged employee who is not a party to this action.
>
> 394 F.2d at 41.

We find no express provision in the Railway Labor Act conferring a right of action on an uncertified Union to file suit on behalf of employees it seeks to represent.

**1.** 50 U.S.C.A. App. §§ 451, 459(b).

Section 2, Fourth. 45 U.S.C. § 152, Fourth, provides that "Employees shall have the right to organize and bargain collectively through *representatives* of their own choosing." (Emphasis added.) Section 2, Ninth, 45 U.S.C. § 152, Ninth, authorizes the National Mediation Board to determine disputes as to who are the representatives of the employees "designated and authorized in accordance with the requirements of this chapter" and to certify a designated Union as bargaining agent. In the present case the National Mediation Board conducted an election in which the Teamsters received only eleven votes out of 104 eligible employees. The Board found no basis for certifying the Teamsters Union as bargaining representative. The decision of the Board is made an Appendix to this opinion.

We read *Zantop* to stand implicitly for the proposition that the Railway Labor Act confers no express or implied cause of action in favor of an uncertified union.

On the issue of whether a statute confers an implied right of action, the Supreme Court in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975), said:

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," *Texas & Pacific R. Co. v. Rigsby,* 241 U.S. 33, 39 [36 S.Ct. 482, 484, 60 L.Ed. 874] (1916) (emphasis supplied)—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? See, *e. g., National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. 453, 458, 460 [94 S.Ct. 690, 693, 694, 38 L.Ed.2d 646] (1974) (*Amtrak*). Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? See, *e. g., Amtrak, supra; Securities Investor Protection Corp. v. Barbour,* 421 U.S. 412, 423 [95 S.Ct. 1733, 44 L.Ed.2d 317] (1975); *Calhoon v. Har-*

*vey,* 379 U.S. 134 [85 S.Ct. 292, 13 L.Ed.2d 190] (1964).

Applying the foregoing factors enumerated by the Supreme Court, we conclude that the Railway Labor Act confers no implied right of action upon an uncertified union to maintain a suit on behalf of employees it seeks to represent. Accordingly, we affirm the judgment of the District Court in dismissing the action filed by the Teamsters.

### III. Injunction

■ Finally, we consider the scope of review on appeal from the action of the District Court in denying the preliminary injunction. The granting or denial of a preliminary injunction is within the sound judicial discretion of the trial court. *Virginia Railway Co. v. System Federation, R.E.D.,* 300 U.S. 515, 551, 57 S.Ct. 592, 81 L.Ed. 789 (1937); *Brandeis Machinery & Supply Corp. v. Barber-Greene Co.,* 503 F.2d 503 (6th Cir. 1974); *North Avondale Neighborhood Ass'n v. Cincinnati Metropolitan Housing Authority,* 464 F.2d 486 (6th Cir. 1972); *Hornback v. Brotherhood of Railroad Signalmen,* 346 F.2d 161 (6th Cir. 1965). On appeal the denial of such an injunction will not be disturbed unless contrary to some rule of equity or an abuse of discretion. *United States v. Corrick,* 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263 (1936); *Nashville I–40 Steering Committee v. Ellington,* 387 F.2d 179 (6th Cir. 1967).

Numerous events are charged to have occurred during the organizational effort. These include alleged retaliatory transfer of plaintiff Lovett, a skilled mechanic, because of his Union activities. However, the company points out that the transfer was, in fact, a promotion. The plaintiffs contend that plaintiff Adams was fired for his vigorous Union activities, while Federal Express asserts that Adams' record of tardiness and absenteeism and his refusal to obey a direct order of a superior led to the dismissal. Further, the plaintiffs argue that Federal Express instituted an employee incentive program to dissuade its employees from unionizing. The company responds that the program was open to all

employees and managers, not just the few who might be involved in the organizational dispute.

After six days of hearings in open court the District Court concluded:

We make these findings based on the testimony of the witnesses in open court and a careful review of the transcript. It does not appear at this point that the defendant, its agents or employees were engaged in any conscious concerted attempt to violate the provisions of the Railway Labor Act. The management admittedly was not in favor of the union and communicated that disfavor to the employees. Such action does not warrant the extraordinary remedy sought here. And while it may appear that some or all of the individual plaintiffs were discharged because of their union activities, the company advanced legitimate plausible reasons for their discharge. The record at this point does not support a finding that the defendant has or had a practice of discharging employees that were union advocates.

In determining whether the District Court abused its discretion we must consider whether the plaintiffs have shown a strong likelihood of success on the merits; whether the plaintiffs have shown irreparable injury; whether the issuance of a preliminary injunction would cause substantial harm to others; and where the public interest lies. *North Avondale Neighborhood Ass'n v. Cincinnati Metropolitan Housing Authority, supra.*

The facts in this case are contested. For example, with respect to the firing of Larry Washington, a party plaintiff, the date of the firing is disputed as well as the reason behind it. The company claims that Washington was discharged for sleeping in the restroom and past infractions, while plaintiffs assert that his Union activities led to all of the disciplinary actions and his discharge.

Plaintiffs contend that in early March, 1975, Nelson Johnson, a Federal Express supervisor, told the employees that if a union came in, those responsible would be fired and the company would get tough with its employees. Plaintiffs also assert that another company manager, Ron Ford, told an employee that discipline would be tightened. Ford and Johnson specifically denied making any such statements.

The right of employees to organize, free from interference and coercion by their employer, is rooted in the freedom of citizens of a free society to organize for lawful purposes. *See Delaware & Hudson Railway Co. v. United Transportation Union,* 146 U.S.App.D.C. 142, 450 F.2d 603 (1971). In cases such as the present one, a District Court must exercise great care to prevent the employees' right to organize from becoming illusory.

However, in view of our limited scope of review, we do not consider the merits of the case further than to determine whether the District Judge abused his discretion in denying the preliminary injunction. *Brandeis Machinery & Supply Corp. v. Barber-Greene Co., supra; American Federation of Musicians v. Stein,* 213 F.2d 679 (6th Cir.), cert. denied, 348 U.S. 873, 75 S.Ct. 108, 99 L.Ed. 687 (1954). Upon examination of the entire record we find no abuse of discretion.

Affirmed.

Appendix to follow.

# APPENDIX

NATIONAL MEDIATION BOARD
WASHINGTON, D.C. 20572

CASE NO. R-4565

In the matter of

## REPRESENTATION OF EMPLOYEES

of

## FEDERAL EXPRESS CORPORATION
Mechanics and Related Employees

### Dismissal

January 13, 1976

The services of the National Mediation Board were invoked by the International Brotherhood of Teamsters, Airline Division on April 14, 1975, to investigate and determine who may represent for the purposes of the Railway Labor Act, as provided by Section 2, Ninth, thereof, the craft or class of Mechanics and Related Employees, employees of Federal Express Corporation.

At the time application was received, these employees were not represented by any organization or individual.

The Board assigned Mediators John B. Willits and Thomas R. Roadley to investigate.

## FINDINGS

The investigation disclosed that a dispute existed among the employees concerned and by direction of the Board, the mediator was instructed to conduct an election by secret ballot to determine the employees' representation choice.

The following is the result of the election as reported by Mediator Thomas H. Roadley who was assigned to count the ballots in this case and attested thereon by a party observer.

Number of Employees Voting:

| International Brotherhood of Teamsters, Airline Division | | Number of Employees Eligible |
|---|---|---|
| Mechanics & Related Employees | 11 | 104 |

The National Mediation Board further finds that the carrier and employees in this case are, respectively, a carrier and employees within the meaning of the Railway Labor Act, as

amended; that this Board has jurisdiction over the dispute involved herein; and that the interested parties were given due notice of investigation.

On the basis of the investigation and report of election which shows that less than a majority of eligible employees cast valid ballots in the election, the National Mediation Board finds no basis for Certification and the application is therefore dismissed.

By order of the NATIONAL MEDIATION BOARD.

/s/ Rowland K. Quinn, Jr.

Rowland K. Quinn, Jr.
Executive Secretary