726 F.2d 270
 Mary ROE, by John DOE, her son and next friend, and Mary
Doe, individually and on behalf of all others
similarly situated, Plaintiffs-Appellees,
v.
ASHTABULA COUNTY MENTAL HEALTH BOARD; Franklin County
Mental Health Board; Gallia-Jackson-Meigs Mental
Health Board; Clark County Mental
Health Board, Intervenors
Defendants-Appellants,
and
Timothy B. Moritz, M.D., and Donald E. Widmann, M.D.,
Defendants-Appellees.
 No. 82-3431.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 9, 1983.
Decided Jan. 12, 1984.
 
 Gary Leo Yost, Asst. Prosecutor, Jefferson, Ohio, Dennis J. Murphy, Columbus, Ohio, David A. Weaver (argued), Springfield, Ohio, Gene Wetherholt, Asst. Pros. Atty., Columbus, Ohio, for intervenors defendants-appellants.
 John Woliver (argued) Batavia, Ohio, for plaintiffs-appellees.
 Deborah A. Piperni (argued), Asst. Atty. Gen., Columbus, Ohio, for defendants-appellees.
 Before EDWARDS and MARTIN, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this case we are asked to review the granting of a preliminary injunction which enforced a proposed settlement agreement between the plaintiffs and the State of Ohio regarding the distribution of funds under Title XX of the Social Security Act, 42 U.S.C. Sec. 1397, et seq. In the original complaint it was charged that the State was distributing funds under Title XX in an unlawful and unequal manner which resulted in the delay or loss of the delivery of mental health services to the plaintiffs. Following a series of hearings and intense negotiations, the parties agreed to a new formula for the distribution of Title XX funds. After receiving notice of the proposed settlement, a group of Ohio mental health boards, who had earlier received a disproportionately large share of the Title XX funds, intervened pursuant to a class designation entered by the district court.
 
 
 2
 The proposed settlement may well serve the citizens of Ohio better than a previous state plan. We do not, however, agree that preliminary relief was appropriate. Plaintiffs have failed to satisfy the requirements set forth in North Avondale Neighborhood Ass'n v. Cincinnati Metropolitan Housing Auth., 464 F.2d 486, 488 (6th Cir.1972), to merit the grant of a preliminary injunction. Although plaintiffs have demonstrated a strong probability of success on the merits, they have failed to establish that they would be subjected to irreparable injury or substantial harm without the entry of a preliminary injunction.
 
 
 3
 Accordingly, the preliminary injunction entered by the district court must be dissolved. The district court, however, may desire to retain the case on its docket in order to allow the parties to finalize their settlement agreement.
 
 
 4
 Therefore, the case is remanded to the District Court in accordance with the rules set forth above.