777 F.2d 1171
 LAKESHORE TERMINAL AND PIPELINE COMPANY, Robert A. Busch,
Michael Jones, John Oberlies, Robert J. Spence,
and Duane Walters, Plaintiffs-Appellants,
v.
DEFENSE FUEL SUPPLY CENTER and Military Traffic Management
Command, Defendants-Appellees.
 No. 85-1383.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 7, 1985.
Decided Dec. 5, 1985.
 
 Richard G. Smith, Smith and Brooker, P.C., Bay City, Mich., Donald T. Bucklin, argued, Mary Duffy Becker, Pamela S. Krop, Wald, Harkrader and Ross, Washington, D.C., for plaintiffs-appellants.
 Ellen J. Durkee, argued, Robert L. Klarquist, Dept. of Justice, Land & Natural Resources Div., Appellate Section, Washington, D.C., for defendants-appellees.
 Before LIVELY, Chief Judge, JONES, Circuit Judge and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an interlocutory appeal from an order of the district court denying a preliminary injunction. Our scope of review is quite narrow, for it is too well settled to require citation of authorities that an order granting or refusing a preliminary injunction will not be reversed absent an abuse of discretion by the trial court.
 
 
 2
 The plaintiff in this case, Lakeshore Terminal and Pipeline Co., has had a long relationship with the Department of Defense as a supplier of storage and terminalling facilities for jet aviation fuel required by Wurtsmith Air Force Base in Michigan. A disagreement arose between Lakeshore and the government over the price at which the government might exercise an option to purchase certain Lakeshore facilities. The government then solicited bids for transporting and storing jet fuel to be used at Wurtsmith. Lakeshore was the successful bidder in 1984 and bid again in response to the 1985 solicitation. This solicitation was cancelled when the government received a "tender" from Buckeye Pipeline, a common carrier, to provide the required delivery to Wurtsmith at a lower cost than bids received under the solicitation. Since April 10, 1985 the fuel has been provided by way of a pipeline and trucks through Bay City by Buckeye Pipeline. Lakeshore previously supplied the fuel by Great Lakes freighters and pipeline.
 
 
 3
 Lakeshore was joined in this action by several residents of the route along which the trucks travel under the Buckeye Pipeline arrangement. Injunctive relief was sought on two grounds:
 
 
 4
 (1) That the government failed to prepare an environmental impact statement (EIS) pursuant to the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. Secs. 4321 et seq.
 
 
 5
 (2) That the government violated procurement statutes and regulations by cancelling the solicitation for a storage contract for which Lakeshore had submitted a bid and accepting transportation tenders to ship fuel by pipeline and trucks.
 
 
 6
 The district court held an evidentiary hearing and also received affidavits and documentary evidence. In an oral opinion at the conclusion of the hearing the district court found that the plaintiffs had failed to establish that they would suffer irreparable harm from the denial of an injunction or that they were likely to succeed on the merits. In reaching this conclusion the district court discussed both claims of the plaintiffs that the transportation of the jet fuel over Michigan highways without first preparing an EIS violated NEPA and that the government had violated its regulations in accepting transportation tenders while cancelling solicited bids.
 
 
 7
 On appeal the plaintiffs contend that the district court relied on evidence of debatable probative value while overlooking contradictory evidence by better qualified witnesses. The district court, not this court, is charged with weighing the evidence and resolving conflicts. The factual findings of the district court are supported by the evidence of record, and are not clearly erroneous. We are bound by these findings. Rule 52(a), Fed.R.Civ.P.
 
 
 8
 The district court considered the proper factors in determining whether a preliminary injunction should issue. His conclusion that the plaintiffs had failed to establish either irreparable injury or a likelihood of success on the merits is fully consistent with his findings of fact. In our limited review of a denial of a preliminary injunction we do not consider the merits of the case any further than necessary to determine whether there has been an abuse of discretion. Adams v. Federal Express Corp., 547 F.2d 319, 323 (6th Cir.1976). Once a district court has made its decision to grant or deny a preliminary injunction, that decision cannot be found to constitute an abuse of discretion unless the appealing parties can establish four conditions. This four-part test has been cited numerous times by this court, as in Mason County Medical Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir.1977):
 
 
 9
 In determining on appeal whether the District Court abused its discretion in granting or withholding preliminary injunctive relief, this Court has set forth four standards which must be considered:
 
 
 10
 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;2) Whether the plaintiffs have shown irreparable injury;
 
 
 11
 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
 
 
 12
 4) Whether the public interest would be served by issuing a preliminary injunction.
 
 
 13
 Applying these standards we find no abuse of discretion in the present case.
 
 
 14
 The government has also raised an issue of jurisdiction, contending that this is a pre-award controversy and that district courts have jurisdiction only over post-award disputes. The government argues that section 133(a) of the Federal Courts Improvement Act of 1982, 28 U.S.C. Sec. 1491(a)(3), vested exclusive jurisdiction in the United States Claims Court over all pre-award claims against the United States. The government recognizes in its brief that the courts are divided on this question. It is not at all clear to us that this case involves a pre-award dispute and we can find no basis for holding that the district court has lost jurisdiction to exercise its traditional role in injunction proceedings.
 
 
 15
 The judgment of the district court is affirmed.