786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROOSEVELT C. BENTLEY, Petitioner-Appellant
v.
NORMAN A. CARLSON AND T. R. YOUNG, Respondents-Appellees.
 85-5179
 United States Court of Appeals, Sixth Circuit.
 2/6/86
 
 1
 W.D.Tenn.
 
 APPEAL DISMISSED
 ORDER
 
 2
 BEFORE: KEITH and GUY, Circuit Judges, and TAYLOR, District Judge*.
 
 
 3
 This case is before the Court upon the appellees' motion to dismiss the appeal for lack of jurisdiction. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the petitioner's brief and record, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The petitioner is appealing the district court order of January 15, 1985, denying the petitioner's request that the original defendants (Norman A. Carlson, Director, Bureau of Prisons, and T. R. Young, Warden), be enjoined from denying the petitioner's release and a separate order of the same date dismissing the original defendants and allowing an amendment to the petition to add members of the U.S. Parole Commission and an unnamed hearing examiner.
 
 
 5
 The petitioner filed suit for habeas corpus relief under 28 U.S.C. Sec. 2241 on March 17, 1983, after his parole was rescinded following petitioner's refusal of extradition to New York to begin serving a sentence. Petitioner challenges the method by which he was extradited to New York under the Interstate Agreement on Detainers. He has a suit for habeas corpus relief pending in the Southern District of New York. Petitioner also has the suit against the parole commission and the unnamed hearing officer pending in the Western District of Tennessee.
 
 
 6
 The petitioner has filed a brief discussing whether the district court erred in denying petitioner's petition without an evidentiary hearing, and without developing an adequate record. This is not the issue before this Court. The district court has not dismissed the petition, but has allowed an amendment adding the parole commission and an unnamed hearing officer who denied petitioner's release.
 
 
 7
 The first order from which an appeal was taken is an appealable order. 28 U.S.C. Sec. 1292(a)(1). Petitioner appeals from the order denying the petitioner's request that the original defendants be enjoined from denying appellant's release pending final disposition of the suit. The district court noted that appellant had not shown sufficient likelihood of success on the merits. Mason County Medical Association v. Knebel, 563 F.2d 256, 264 (6th Cir. 1977). The standard of appellate review of a district court order granting or denying a preliminary injunction is whether it abused its discretion. Lakeshore Terminal and Pipeline Company, et al. v. Defense Fuel Supply Center, et al., No. 85-1383, Slip op. at 3-4 (6th Cir. December 5, 1985); Tate v. Frey, 735 F.2d 986, 990 (6th Cir. 1984). Clearly, there was no abuse of discretion here. The original defendants had been dismissed and injunctive relief was not appropriate as to them.
 
 
 8
 The second order from which an appeal was taken is a nonappealable interlocutory order. Fewer than all parties were dismissed from the action and the district court did not certify that an appeal could be taken. See 28 U.S.C. Sec. 1292(b) and Federal Rule of Civil Procedure 54(b). The right of appeal may be exercised only when final judgment disposing of the cause in its entirety has been rendered. Catlin v. United States, 324 U.S. 229, 233 (1945); Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976). The dismissal of the appellees from the petition does have the effect of denying the petitioner's injunction. However, pursuant to Gillis v. U.S. Department of Health and Human Services, 759 F.2d 565 (6th Cir. 1985), the petitioner has not shown irreparable harm which would warrant the allowance of this interlocutory appeal. The petitioner still has a case pending against the parole commission in district court.
 
 
 9
 For the foregoing reasons, it is ORDERED that the order dated January 15, 1985, denying injunctive relief be affirmed, Rule 9(d)(3), Rules of the Sixth Circuit;
 
 
 10
 It is further ORDERED that the appellees' motion to dismiss petitioner's appeal from the interlocutory order of January 15, 1985, be and it hereby is granted. Rule 8(a), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation