817 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alonzo GARDNER, Plaintiff-Appellant,
v.
Christian SODERMAN, Ellen Passmore, Gloria Sampson, David
Trippett, and Robert Brown, Jr., Defendants-Appellees.
 No. 86-1822.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1987.
 
 1
 Before ENGEL and BOGGS, Circuit Judges; and HOLSCHUH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff is a prisoner at the Kinross Correctional Facility (KCF) in Kinross, Michigan. On May 15, 1985, he filed a civil rights action against the defendants pursuant to 42 U.S.C. Sec.1983. In his complaint, the plaintiff alleged that he is being denied access to the courts due to the opening of his outgoing legal mail and refusal of the defendants to provide him with free postage. To redress these alleged wrongs plaintiff requested a declaratory judgment, monetary damages, and injunctive relief. A motion for a preliminary injunction was also filed by the plaintiff. Following two more motions for injunctive relief by the plaintiff, the district court entered an order on August 14, 1986, denying plaintiff's motion for a preliminary injunction. This appeal arises from that order.
 
 
 4
 On appellate review, orders which. grant or deny a preliminary injunction will not be disturbed unless the district court by its decision has abused its discretion or violated an equitable principle. Adams v. Federal Express Corporation, 547 F.2d 319, 322 (6th Cir. 1976). No abuse or violation has resulted from the district court's order in the present appeal.
 
 
 5
 Michigan Department of Corrections (MDOC) policy directives, PD-BCF-63.03 and PD-BCF-20.03, plainly require that a prisoner place his return address on the outside of the envelope of outgoing mail and that prisoners seeking free postage as indigents make a timely application for indigency status with the prison service office. These requirements are reasonable and narrowly drawn to meet legitimate prison interests in administering mail service. They do not substantially interfere with prisoners' right of access to the courts or to legal representation. See Procunier v. Martinez, 416 U.S. 396, 419-20 (1974). Accordingly, no actionable state infringement of plaintiff's due process right to court access resulted from the return of several of his letters for inadequate postage, nor the opening of those letters which lacked a proper return address as well as postage. Plaintiff had neither applied for, nor been granted indigent status for the months in question and was, therefore, not entitled to free postage. As his legal correspondence lacked proper postage, it was properly returned.
 
 
 6
 Additionally, plaintiff alleged no actual injury resulting from the defendants' actions. Some actual injury, an instance where plaintiff's access to the courts or to legal representation was blocked, must be alleged in order for plaintiff to state a Sec.1983 claim. Mann v. Smith, 796 F.2d 79, 84 (5th Cir. 1986); Kershner v. Mazurkiewicz, 670 F.2d 440, 444-45 (3d Cir. 1982); Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982). As no actual injury was alleged, no recovery may be had.
 
 
 7
 Nor may plaintiff recover from defendant Brown. Any recovery from that defendant necessarily depends upon vicarious liability based on the doctrine of respondeat superior. The doctrine of respondeat superior, however, does not apply to Sec. 1983 actions. Polk County v. Dodson, 454 U.S. 312 (1981); Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).
 
 
 8
 For the above stated reasons, the order of the district court entered August 14, 1986, is affirmed. Rule 9(b), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation